IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-422-KS

| | | |
|---|---|---|
| ALYXANDER EDDY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration. Alyxander Eddy ("Plaintiff") filed this action seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and the matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the undersigned orders that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**STATEMENT OF THE CASE**

Plaintiff applied for DIB on May 7, 2023, and SSI on May 8, 2023, with an alleged onset date of December 8, 2022. (R. 18, 258–59, 262.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 18,

87–88, 118–19, 153–54.) A telephonic hearing was held on July 3, 2024, before Administrative Law Judge ("ALJ") Michelle Wolfe, who issued an unfavorable ruling on August 21, 2024. (R. 18–64.) On May 14, 2025, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff initiated this action on July 17, 2025, seeking judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and

second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and

denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2025. (R. 20.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 8, 2022, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff had the severe impairments of osteochondroma; obesity; degenerative disc disease; bipolar disorder; unspecified disruptive, impulse-control and conduct disorder; anxiety disorder/generalized anxiety disorder; amphetamine type substance use disorder; cocaine abuse and alcohol abuse. (R. 21.)

At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 21–22.) The ALJ expressly considered Listings 1.15, 12.04, 12.06, 12.08, and SSR 19–2p in connection with Plaintiff's obesity. (R. 22.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally balance, stoop, crouch, crawl, kneel, and climb ramps and stairs and never climb on ladders[,] ropes[,] or scaffolds. [Plaintiff] can do simple routine tasks,

> but no complex tasks, in low stress work environment defined as occasional decision making and occasional changes in work setting, can have up to occasional interaction with supervisors and coworkers but no team type setting work, no interaction with public, no fast production work such as quota based or conveyor belt work.

(R. 23.) In making the assessment, the ALJ stated she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence." (R. 24.) At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (R. 30.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: laundry folder (DOT #369.687-018), mail clerk (DOT #209.687-026), and price marker (DOT #209.587-034). (R. 31–32.) The ALJ concluded that Plaintiff was not disabled under the Act from December 8, 2022, through August 21, 2024, the date of the decision. (R. 32.)

## IV. Plaintiff's Arguments

Plaintiff argues the ALJ erred by (i) failing to properly evaluate the medical opinion of Dr. Matthew Berger (Pl.'s Br. [DE #17] at 11–18), and (ii) failing to explain why the RFC implicitly rejected state agency psychologists' opinions that limited Plaintiff to work tasks requiring only one or two steps (*id.* at 19–24). The Commissioner contends the ALJ properly evaluated Dr. Berger's opinion and that substantial evidence supports the ALJ's evaluation of the state agency psychologists' opinions. (Comm'r's Br. [DE #18] at 8–22.)

### A. Medical Opinion

Plaintiff argues the ALJ mischaracterized record evidence when evaluating Dr. Berger's medical opinion. (Pl.'s Br. at 13–18.) The Commissioner contends the ALJ properly found the opinion to be "not supported by the remainder of the record." (Comm'r's Br. at 14.) The court agrees with Plaintiff.

When evaluating medical opinions, the ALJ must consider factors set forth in 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). *See generally Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (summarizing the medical opinion evaluation process for disability claims filed after March 27, 2017). "The ALJ is not required to explain how she considered each of the relevant factors; instead, when articulating her finding about whether an opinion is persuasive, the ALJ need only explain how she considered 'the most important factors' of supportability and consistency." *Corbin v. Kijakazi*, No. 2:20-CV-60-M, 2022 WL 990487, at *2 (E.D.N.C. Mar. 31, 2022). "Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes*, 70 F.4th at 212. Generally, the ALJ must explain how the evidence led to her conclusions. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020) ("To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016))); *Mascio*, 780 F.3d at 637.

Dr. Matthew Berger, Plaintiff's treating psychiatrist, provided a medical opinion that was inconsistent in several respects with the RFC assessed by ALJ Wolfe. (R. 1666–68.) Among other things, Dr. Berger opined that Plaintiff is markedly impaired in his ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; and to interact appropriately with the general public. (R. 1668.) Dr. Berger also opined Plaintiff is extremely limited in his ability to perform activities on a schedule; sustain an ordinary routine without special supervision; to work in coordination with others without being distracted; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to accept instructions and respond appropriately to criticism; to get along with coworkers; and to maintain socially appropriate behavior. (R. 1668–69.) Dr. Berger explained that Plaintiff reported "ongoing poor mood, ongoing irritability and mood lability, . . . increased anxiety levels, panic attacks, racing thoughts and ruminations, sleep difficulties, and [suicidal ideations] without plans or intentions" and that Plaintiff "often has difficulty maintaining employment due to behaviors." (R. 1669.)

ALJ Wolfe explained that she found Dr. Berger's opinion unpersuasive because "[t]he opinion was not consistent with the remainder of the record, which reflected no episodes of remission, deterioration or resulting psychiatric hospitalizations."[1]

---

[1] Plaintiff argues that the ALJ's finding of "no episodes of remission" does not contradict Dr. Berger's opinion because "a lack of remission shows Plaintiff's treatment has not ameliorated his symptoms and shows that Dr. Berger's opinion is supported." (Pl.'s Br. at 16.) The Commissioner appears to concede Plaintiff's point,

(R. 29.) The ALJ supported this by stating that, upon Dr. Berger's most recent examination of Plaintiff on May 6, 2024, Plaintiff "displayed euthymic mood and irritability, clear and fluent speech, clear and appropriate thought process intact associative thinking and memory, normal attention span and concentration, adequate judgment and insight without demonstration of delusions, hallucinations or paranoia intact memory." (*Id.* (citing R. 1587).)

The record contains evidence that appears materially inconsistent with ALJ Wolfe's statement that Plaintiff experienced no episodes of deterioration. *See* (R. 1558, 1571, 1585, 1587, 1614); SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996) (ALJ must explain how any material inconsistencies or ambiguities in the record were considered and resolved). In the same treatment note that ALJ Wolfe relied on to reject Dr. Berger's opinion, Plaintiff reported that he was "not that good," had ongoing irritability "to the point where he punched a woman," and his "mood has become worse." (R. 1585, 1587.) Moreover, the ALJ failed to acknowledge that Plaintiff presented to the emergency department on May 3, 2024, for a crisis evaluation for being a "harm to others," (R. 1614), or that on May 17, 2024, Dr. Berger's practice declined to "continue providing regular outpatient therapy services" as it had "become apparent that in order to effectively address [Plaintiff's] needs, it is necessary for [Plaintiff] to pursue treatment at a higher level of care," (R. 1558). ALJ Wolfe failed to explain how she reconciled this record evidence, which tends to show deterioration

---

but contends that, "[b]ased on the context of the discussion, it appears the [ALJ]'s use of the word 'remission' is a scrivener's error." (Comm'r's Br. at 16.)

and appears to support Dr. Berger's opinion, with her evaluation of Dr. Berger's opinion and the RFC assessment. *See* SSR 96–8p, 1996 WL 374184, at *7; *Arakas*, 983 F.3d at 95. Accordingly, remand is necessary.

### B. State Agency Psychologists' Opinions

Plaintiff contends the ALJ erred by failing to explain why she did not incorporate into the RFC the state agency psychologists' opinions that Plaintiff could only perform jobs with one- or two-step tasks. (Pl.'s Br. at 19–22; R. 30 (ALJ evaluation of state agency psychologists' opinions).) Given that remand is necessary due to the ALJ's failure to properly evaluate Dr. Berger's medical opinion, the court declines to address this argument. This issue can be addressed on remand.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 21st day of August 2026.

Kimberly A. Swank
KIMBERLY A. SWANK
United States Magistrate Judge